UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMES C. RODDY,<br><br>    Plaintiff,<br><br>v.<br><br>FRONT RANGE BIOSCIENCES, INC., et al.,<br><br>    Defendants. | Case No. 22-cv-02640-VKD<br><br>**ORDER RE MARCH 2, 2023 DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 33 |

Plaintiff James Roddy and defendants Front Range Biosciences, Inc. and Jonathan Vaught ask the Court to resolve their dispute regarding defendants' deposition of Mr. Roddy. Dkt. No. 33. This matter is suitable for resolution without oral argument. Civil L.R. 7-1(b).

For the reasons explained below, the Court concludes that defendants must seek leave for a further deposition of Mr. Roddy, and denies their request for such leave.

**I.   BACKGROUND**

On November 7, 2022, defendants served a notice for Mr. Roddy's deposition. Dkt. No. 33-1. That notice specified that the deposition would be conducted "via a virtual deposition link." *Id.* at 1. It also included 35 requests for production of documents, as permitted by Rule 30(b)(2). *Id.* at 4-9.

Mr. Roddy appeared for his deposition pursuant to the notice, and produced documents responsive to the requests for production by email shortly before the deposition. Dkt. No. 33 at 1, 2. Defendants examined Mr. Roddy for approximately four hours, at which time defendants' counsel chose to end the deposition. *Id.* at 1. As reported to the Court, the colloquy concerning this matter on the record at the deposition was as follows:

> Mr. Yang[1]: . . . Let's go off the record for a little bit. Lindsey, I just wanted to talk to you about reserving the rest of this deposition time for after mediation. I just wanted to get your thoughts on that.
>
> . . .
>
> Ms. Berg-James[2]: Yeah, sure. We can go off the record.
>
> (Discussion held off the record.)
>
> Mr. Yang: All right. So counsel and I spoke. We have different positions regarding whether or not to end the deposition. Would you like to get your objections on the record?
>
> Ms. Berg-James: Yeah. Our position is Mr. Roddy is here today for his noticed deposition. We've only been on the record probably around three hours. I don't know the exact amount. We are willing to stay and finish this today. And that if Front Range wants to voluntarily conclude its deposition at this time, it can do so; but that we are not coming back for another session.
>
> Mr. Yang: That's our understanding, and with that, I would like to end the deposition.
>
> Ms. Berg-James: Okay.

Dkt. No. 33-1 (Roddy dep. 146:23 – 148:1). Defendants now wish to take further deposition testimony from Mr. Roddy. Mr. Roddy objects.

## II. LEGAL STANDARD

Absent a stipulation of the parties, if a deponent has already been deposed, a party must obtain leave of court to obtain a second deposition. Fed. R. Civ. P. 30(a)(2)(A)(ii). A court must grant leave, "to the extent consistent with Rule 26(b)(1) and (2)." *Id.* Rule 26(b)(1) permits discovery "regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Rule 26(b)(2) requires a court to limit the frequency or extent of discovery where, for example, "(i) the

---

[1] Robert Yang, defendants' counsel.

[2] Lindsey Berg-James, plaintiff's counsel.

2

discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

### III. DISCUSSION

Defendants argue that they did not end Mr. Roddy's deposition on December 12, 2022, and even if they did, they should be permitted to take a further deposition of three hours. Dkt. No. 33 at 1-3. Mr. Roddy argues that defendants unilaterally terminated his deposition, over his objection, and that there is no justification for a further deposition of any length. *Id.* at 3-6. The Court considers each of these arguments.

#### A. Mr. Roddy's December 12, 2022 Deposition

Defendants say that they "do not consider Plaintiff's deposition concluded," and they claim that when they ended the deposition on December 12, 2022, they "assert[ed] on the record that the deposition was not closed, and that Defendants reserved their right to continue Plaintiff's deposition if mediation is unsuccessful." *Id.* at 1. The Court has reviewed the deposition transcript excerpt the parties included in their joint submission, and it contains no such statements. Rather, the transcript reflects that defendants unilaterally terminated Mr. Roddy's deposition after Mr. Roddy's counsel specifically objected to defendants' request to "reserve the rest of [the] deposition time for after mediation" and specifically objected to "coming back for another session." *See* Dkt. No. 33-1 (Roddy dep. at 146:24-147:2; 147:16-148:1). Moreover, Rule 30(d) provides that a deposition is presumptively limited to "one day of 7 hours." *See* Fed. R. Civ. P. 30(d)(1). Absent a stipulation or court order, defendants were not entitled to depose Mr. Roddy over more than one day.

Accordingly, defendants may not take further deposition testimony of Mr. Roddy without leave of court.

#### B. Defendants' Request for a Second Deposition of Mr. Roddy

Mr. Roddy objects to a second deposition on the grounds that defendants already had

3

1  ample opportunity to obtain the evidence they seek during his first deposition, and a further
2  deposition would be unreasonably cumulative or duplicative and unduly burdensome.  Dkt. No. 33
3  at 4-5.  Defendants give several reasons for why they should be permitted to take a second
4  deposition of Mr. Roddy.

5  First, defendants say that Mr. Roddy's December 12, 2022 deposition "was suspended on
6  the backdrop of a mediation that was scheduled for mere days later." *Id.* at 2.  Defendants do not
7  explain how the timing of the mediation bears on the question of whether they should be permitted
8  to take a second deposition, and the Court finds that it is not a relevant consideration.

9  Second, defendants say that Mr. Roddy produced documents shortly before his first
10 deposition, and defendants' counsel had insufficient opportunity to review the documents or
11 prepare to properly examine Mr. Roddy about them during that deposition.  *Id.*  Defendants do not
12 say how many documents Mr. Roddy produced on the day of his deposition, nor do they provide
13 any description of the documents.  Moreover, it appears undisputed that Mr. Roddy produced the
14 documents as instructed in defendants' deposition notice and in compliance with Rule 30(b)(2),
15 which states in relevant part: "The notice to a party deponent may be accompanied by a request
16 under Rule 34 to produce documents and tangible things *at the deposition*."  Fed. R. Civ. P.
17 30(b)(2) (emphasis added).  Defendants clearly contemplated that Mr. Roddy would produce
18 documents at his deposition and did not demand an earlier production date.  There is no suggestion
19 in the deposition transcript excerpt provided to the Court that defendants terminated the deposition
20 because they had an inadequate opportunity to review the documents and examine Mr. Roddy
21 about them.  Indeed, defendants suggest that they *did* examine Mr. Roddy about these documents
22 during his first deposition.  *See* Dkt. No. 33 at 2 ("Even if Defendant did attempt to examine
23 Plaintiff on these documents, it would have done so without the benefit of a proper
24 investigation.").  In short, defendants have not shown that the documents produced at the
25 deposition are relevant to any claim or defense or that they did not have an adequate opportunity
26 to examine Mr. Roddy about them during his first deposition.

27 Third, defendants say that they "intend to cross-examine Plaintiff about his prior
28 testimony." *Id.* at 2.  Mr. Roddy argues that it would be "needlessly duplicative" to permit

1  defendants to examine him again regarding matters about which he has already testified. *Id.* at 5.
2  The Court agrees. Re-deposing a witness about the same topic, even if the intent is to confront
3  him with other witnesses' inconsistent statements, is unnecessarily duplicative discovery.

4        Fourth, defendants say that they wish to question Mr. Roddy about "newly discovered
5  information subsequent to the first deposition." *Id.* at 2. It is not clear what this newly discovered
6  information is, but the Court infers that that it includes Mr. Roddy's "possession of compensation
7  plans, planning documents and board meeting slides." *Id.* Defendants do not explain how this
8  information is relevant to any claim or defense, or why they require an "explanation" from Mr.
9  Roddy. Defendants also say they anticipate obtaining copies of Mr. Roddy's "medical records
10 from the VA that pertain to Plaintiff's emotional distress" and wish to depose him about the
11 contents of those records. *Id.* Defendants do not explain why they did not seek these records
12 earlier, i.e., before Mr. Roddy's first deposition. And while the Court can readily infer that the
13 medical records may be relevant to the question of damages, it appears that defendants do not yet
14 have any such records, so the need for a second deposition of Mr. Roddy about them is speculative
15 at best.

16       Finally, defendants argue that the burden of a second deposition on Mr. Roddy outweighs
17 the benefit of such a deposition, and that they will be "seriously prejudiced in their defense of this
18 matter" if a second deposition is not permitted. *Id.* at 3. This assertion is entirely conclusory.
19 Defendants provide no explanation to support their claim of serious prejudice, and none of their
20 other arguments compel such an inference.

21 **IV.   CONCLUSION**

22       Pursuant to Rule 26(b)(2), the Court denies defendants' request for leave to take a second
23 deposition of Mr. Roddy because defendants had ample opportunity to obtain the discovery they
24 seek during their first deposition of Mr. Roddy, they have not shown that the discovery they seek
25 satisfies the requirements of Rule 26(b)(1), and some of the discovery they seek is unreasonably

duplicative of discovery they have already obtained.

**IT IS SO ORDERED.**

Dated: March 6, 2023

VIRGINIA K. DEMARCHI
United States Magistrate Judge